```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
TRUSTEES OF THE MOSAIC AND TERRAZZO      :
WELFARE, PENSION, ANNUITY AND VACATION   :
FUNDS, et al.,                           :    REPORT &
                                         :    RECOMMENDATION
                    Plaintiffs,          :    10-CV-5804 (CBA)
                                         :
       -against-                         :
                                         :
SUFFOLK TILE & TERRAZZO, INC.,           :
                                         :
                    Defendant.           :
------------------------------------------------------------------ x
```

GOLD, STEVEN M., U.S.M.J.:

## Introduction

Plaintiffs, Trustees of the Mosaic and Terrazzo Welfare, Pension, Annuity and Vacation Funds and Trustees of the Bricklayers & Trowel trades International Pension Fund (collectively "the Funds"), bring this action pursuant to the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs seek a judgment to recover monies allegedly owed by defendant Suffolk Tile & Terrazo, Inc. ("Suffolk") to the Funds pursuant to ERISA and the terms of a Collective Bargaining Agreement ("CBA").

Upon plaintiffs' application and in light of the defendant's failure to appear or otherwise defend this action, the Clerk of the Court noted the default of defendant on April 20, 2011. Docket Entry 7. The Honorable Carol Bagley Amon then referred the matter to me to report and recommend on the amount of damages to be awarded. Docket Entry 8.

## Discussion

*A.    Liability*

Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v.*

*E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). A court, however, retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Even after a defendant has defaulted, "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted). *See also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether plaintiff has stated a cause of action).

Plaintiffs have established the elements of liability required to state a claim pursuant to 29 U.S.C. § 1145. Plaintiffs allege that they are trustees of multiemployer benefit plans and that defendant Suffolk is an employer in an industry affecting interstate commerce. Compl. ¶¶ 4-6. In November of 2007, Suffolk signed a collective bargaining agreement ("CBA"), which required defendant to make contributions on behalf of its union-member employees to the Funds.[1] *Id*. ¶ 8. *See also* Guy 2d Decl. ¶ 5, Docket Entry 11. Plaintiffs allege that an audit of defendant's books and records revealed that Suffolk failed to remit contributions in the amount of $74,462.56 for the period of January, 2007 through December, 2009.[2] Compl. ¶ 12. Apparently, defendant did not make any payments to satisfy the deficiency found as a result of the audit. Suffolk's failure to make contributions as required by the CBA thus constitutes a violation of ERISA and defendant's liability to the Funds has been established.

---

[1] The CBA is attached as Exhibit A to plaintiffs' motion for default judgment, Docket Entry 6-7.

[2] A copy of the accountant's audit can be found at Docket Entry 6-8. Although the accountant's report indicates that the audit covers a period beginning from January, 2007, no deficiencies were found prior to October, 2007. *Id*. Plaintiffs state that Suffolk verbally agreed to be bound by the CBA in October, 2007, although it did not sign the CBA until November. Guy 2d Decl. ¶ 5.

*B.     Damages*

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Rather, claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id*. A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Defendant has not submitted any opposition to plaintiffs' submissions. Accordingly, a hearing on the issue of damages is not warranted.

Plaintiffs seek $74,462.56 in unpaid contributions for the period of January, 2007 through December, 2009, based on an independent accountant's report calculating defendant's contribution deficiency. Docket Entry 6-8 at 4 (indicating that defendant owes $74,462.56 in unpaid contributions). The accountant's report provides sufficient documentation to establish that plaintiffs are entitled to $74,462.56 in unpaid contributions for this time period and I recommend that plaintiffs be awarded this amount.

Next, plaintiffs seek interest on all contributions at the rate of 10% per annum, which is the applicable rate pursuant to the CBA. CBA Art. XIX(D) at 17. Plaintiffs request that interest accrue from January 1, 2010, which is the end of the audit period. Toneatto Decl. ¶ 7, Docket Entry 6-5. Plaintiffs' request for interest is supported by the CBA and reasonable; indeed, New York law permits the accrual of pre-judgment interest from a "single reasonable intermediate

3

date" when damages are incurred over a period of time. *See* N.Y. C.P.L.R. 5001(b). I therefore recommend that plaintiffs be awarded interest at the rate of 10% per annum, beginning from January 1, 2010, to be calculated by the Clerk of the Court at the time of judgment.

Plaintiffs also seek liquidated damages in the amount of $14,892.51, which is 20% of the total unpaid contributions. Toneatto Decl. ¶ 9. Section 1132 provides for an award of liquidated damages equal to the greater of the interest due or the amount provided for under the plan, up to a maximum amount of 20% of the unpaid contributions. The CBA provides for liquidated damages equal to 20% of the unpaid contributions. CBA Art. XIX(D).[3] Accordingly, I respectfully recommend that plaintiffs be awarded $14,892.51 in liquidated damages.

Finally, plaintiffs seek reimbursement for $2,165.50 in attorney's fees and costs. Virginia Decl. ¶¶ 10, 11, 13, Docket Entry 6-4. Plaintiffs have complied with *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) and *Scott v. City of New York*, 643 F.3d 56, 58-59 (2d Cir. 2011), which require that contemporaneous time records be submitted with all fee applications. Docket Entry 6-9. Plaintiffs seek to recover $1,748 in attorney's fees, based upon 10.5 hours at an hourly attorney rate of $200 and an hourly paralegal rate of $90. *Id*. The time expended and the rates charged appear reasonable and should be approved. *Id*.

Plaintiffs seek $350 for the filing fee and $67.50 for service, but they failed to submit any documentation in support of an award of their costs. Virginia Decl. ¶ 11 & Docket Entry 6-9. Nonetheless, the docket sheet indicates that plaintiffs paid $350 for filing and $40 (not $67.50 as

---

[3] The CBA actually provides that a delinquent employer shall be liable for unpaid contributions, interest, "or" liquidated damages, attorney's fees, "and such other costs and penalties as may be assessed by a court as provided under ERISA." CBA Art. XIX(D). ERISA, however, provides that the court "shall" award liquidated damages. 26 U.S.C. § 1132(g)(2). Thus, I find that an award of liquidated damages is mandatory under ERISA, despite the language in the CBA suggesting that plaintiffs are entitled to interest *or* liquidated damages.

plaintiffs sought) to serve the corporation through the Secretary of State.  *See* Docket Entries 1, 3.  I therefore recommend an award of $390 in costs.

## **Conclusion**

For the reasons set forth above, I respectfully recommend that judgment be entered against Suffolk in the following amounts: $74,462.56 in unpaid contributions; $14,892.51 in liquidated damages; and $2,138 in attorney's fees and costs.  Moreover, I recommend that the Funds be awarded interest on the $74,462.56 at the rate of 10% per annum, beginning from January 1, 2010, to be calculated by the Clerk of the Court at the time of judgment.

Any objections to the recommendations made in this Report must be filed within fourteen days of this Report and Recommendation and, in any event, on or before September 26, 2011.  Failure to file timely objections may waive the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).  Plaintiffs are hereby directed to serve a copy of this Report upon defendant at its last known address, and to file proof of service with the Court.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
September 9, 2011

*U:\eoc 2011\damages inquests\suffolk tile.docx*